62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David H. WINTERS, Defendant-Appellant,
 No. 94-4269.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant David H. Winters pled guilty to three counts of mail fraud in violation of 18 U.S.C. Sec. 1341 for defrauding his employer of its right to loyal services. The sole issue presented in this appeal is whether the district court erred by applying the commercial bribery guideline, United States Sentencing Guidelines Sec. 2B4.1, in determining his sentencing range rather than the fraud and deceit guideline, U.S.S.G. Sec. 2F1.1, where the Statutory Index-Appendix A lists only U.S.S.G. Secs. 2F1.1 and 2C1.7 as appropriate guidelines for the offense of 18 U.S.C. Sec. 1341. We hold that the district court did not err and AFFIRM.
 
 I.
 
 2
 The present charges arise out of defendant's employment at LTV Steel in Cleveland, Ohio. Based on his expertise and influence with LTV, defendant provided "consultation services" to Cleveland Metallurgical helping it to develop various desulferization products which would satisfy the needs of LTV. Between 1988 and 1993, Cleveland Metallurgical paid defendant $723,000, which included $1500 per month plus 10% of the net profit of sales to LTV, later increased to 30% of the gross profit of sales of new products to LTV. LTV was not aware of the arrangement between defendant and Cleveland Metallurgical. During the period in question, LTV purchased about $15 million in products from Cleveland Metallurgical. LTV paid Cleveland Metallurgical by check via mail. It is these checks which formed the basis of the thirty mailings charged in the superseding indictment.
 
 
 3
 Defendant pleaded guilty to three counts of mail fraud in violation of 18 U.S.C. Sec. 1341. In sentencing defendant, the district court applied guideline section 2B4.1, "Commercial Bribery and Kickbacks," with a base offense level of eight (8). The court added ten (10) points for the value of the bribe under Sec. 2B4.1(b)(1), subtracted three (3) points for acceptance of responsibility, and further reduced the offense calculation by two (2) for substantial cooperation. This resulted in a final offense level of thirteen (13), which combined with a Criminal History Category I, produced a range of twelve (12) to eighteen (18) months. The court sentenced defendant to twelve months (12).
 
 
 4
 Defendant contends that the court should have used U.S.S.G. Sec. 2F1.1, "Fraud and Deceit," with a base offense level of six (6). According to defendant, this would result in a final offense level of eleven (11) months with a range of imprisonment of eight (8) to fourteen (14) months. More importantly, use of the fraud offense guideline would place defendant in Zone C, rather than Zone D, of the Sentencing Table. See U.S.S.G., Sentencing Table, Ch. 5 Pt. A; Sec. 5C1.1(d)(2).
 
 II.
 
 5
 We review de novo a district court's application of the Sentencing Guidelines to mixed questions of law and fact. United States v. Mills, 1 F.3d 414, 421 (6th Cir.1993). The lower court's findings of fact in that regard are examined for clear error. Id.
 
 
 6
 The first step in applying the Sentencing Guidelines is to "[d]etermine the applicable offense guideline section" found in "Statutory Index (Appendix A)." United States Sentencing Commission, Guidelines Manual, Sec. 1B1.1(a) (Nov. 1993). Under Appendix A, the general guidelines applicable to a mail fraud conviction under 18 U.S.C. Sec. 1341 are sections 2C1.7, "Fraud Involving Deprivation of the Intangible Right to the Honest Services of Public Officials," and section 2F1.1, "Fraud and Deceit." Neither side contends that section 2C1.1 is applicable. This leaves section 2F1.1. However, Application Note 13 of that section provides that in convictions under the mail or wire fraud statutes:
 
 
 7
 "[w]here the indictment or information setting forth the count of conviction (or a stipulation as described in Sec. 1B1.2(a)) establishes an offense more aptly covered by another guideline, apply that guideline rather than Sec. 2F1.1. Otherwise, in such case, Sec. 2F1.1 is to be applied, but a departure from the guidelines may be considered."
 
 
 8
 U.S.S.G. Sec. 2F1.1, comment. (n. 13) (emphasis added). See generally United States v. Duranseau, 19 F.3d 1117, 1123 (6th Cir.1994) (noting that commentary to section 2F1.1 provides that other guideline sections may be applied for false statement convictions under 18 U.S.C. Sec. 1001 in certain circumstances; declining to apply perjury rather than fraud and deceit guideline on facts). This commentary to the guideline is authoritative and binding unless inconsistent with the Constitution, a federal statute, or the guidelines themselves. Stinson v. United States, 113 S.Ct. 1913, 1915 (1993); United States v. Landers, 39 F.3d 643, 646 n. 7 (6th Cir.1994). See also United States v. Rubin, 999 F.2d 194, 197 (7th Cir.1993) (noting "authoritative nature of Application Note 13").
 
 
 9
 Defendant argues that neither the indictment nor the plea agreement state that defendant received a "bribe," or any payment with a "corrupt purpose," and that as a result, U.S.S.G. Sec. 2B4.1, "Commercial Bribery and Kickbacks," is inapplicable. Regardless of whether defendant's offense of conviction is characterized as accepting bribes or gratuities; that is, kickbacks, see United States v. Mariano, 983 F.2d 1150, 1159 (1st Cir.1993) (explaining distinction between bribes and gratuities); United States v. Muldoon, 931 F.2d 282, 287 (4th Cir.1991) (same), the indictment and stipulated facts in the plea agreement support the district court's application of U.S.S.G. Sec. 2B4.1, rather than U.S.S.G. Sec. 2F1.1.
 
 
 10
 Application Note 1 to section 2B4.1 specifically states that "[t]his guideline covers commercial bribery offenses and kickbacks that do not involve officials of federal, state, or local government." U.S.S.G. Sec. 2B4.1, comment. (n. 1) (emphasis added).[1] In any event, the indictment specifically charges that defendant knowingly defrauded LTV "of its intangible right to the conscientious, loyal, faithful, disinterested and unbiased services, actions and performance of the duties of LTV's employee ... free from bribery, corruption, partiality, willful omission, bias, dishonesty, deceit, and fraud." (J.A. 10; emphasis added.)
 
 
 11
 Given this resolution of the issue presented, it is not necessary for us to consider the government's alternative argument that defendant suffered no prejudice by application of the commercial bribery guideline because the guideline range would have been the same if the fraud guideline had been applied. In any event, this argument assumes a predicate fact which the district explicitly refused to find. (J.A. 73.)
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Defendant's argument loses further force when one compares U.S.S.G. Sec. 2B4.1 with U.S.S.G. Secs. 2C1.1 (bribery of public official); and 2C1.2 (gratuity), and the corresponding statutes, 18 U.S.C. Secs. 201(b) (bribery) and 201(c) (gratuity), respectively. There is no similar dichotomy in the guidelines for violations of the various of federal bribery statutes that do not involve government officials. See U.S.S.G. Sec. 2B4.1, comment. (backg'd.)